CALHOUN v. CALHOUN.

QUIETING TITLE—BURDEN OF PROOF—EVIDENCE.
   Plaintiffs in suit to quiet title based on their claim of full per-
   formance by them of contract to purchase city house and
   lot *held,* not to have sustained their burden of proof, where
   they failed to show that the land contract had been executed
   by anyone holding at the time a legal or equitable interest in
   the premises.

Appeal from Jackson; Simpson (John), J. Sub-
mitted October 5, 1960. (Docket No. 25, Calendar
No. 48,275.) Decided December 1, 1960.

Bill by Thomas H. Calhoun, Jr., and others against
Wilbert Calhoun, testamentary executor of the es-
tate of Thomas H. Calhoun, Sr., to quiet title. Bill
dismissed. Plaintiffs appeal. Affirmed.

*William F. Goler,* for plaintiffs.

*Rosenburg, Painter, Stanton & Bullen,* for defend-
ant.

PER CURIAM. Plaintiffs appeal from a decree dis-
missing their bill to quiet title. The case is here
with a vague record of that which, in realty title
matters, should not be difficult of certain proof by
competent testimony.

REFERENCES FOR POINTS IN HEADNOTES
   44 Am Jur, Quieting Title § 83.

The subject matter is a house and lot located on Argyle street in Jackson. Plaintiffs claim title thereto under—and solely by—an executory and allegedly paid land contract. The contract was executed by one Venton and wife, as vendors, to plaintiffs "Thomas H. Calhoun, Jr. and Fay Y. Calhoun, his wife," as vendees. The instrument bears date of January 14, 1944; recites a total sale consideration of $2,500; acknowledges a down payment of $500, and calls for instalment payments at the rate of $28 or more per month. No conveyance in fulfillment of such contract has ever been made.

The chancellor found, apparently from the visible difference of pens that were used in signing the words "Thomas H. Calhoun" and the word "Jr.", that the signature "Thomas H. Calhoun, Jr.", as it appears on the contract, was actually that of plaintiff's father, Thomas H. Calhoun. However, since there is no testimony either way tending to identify properly such signature, we shall assume as plaintiffs claim that the junior Mr. Calhoun, rather than the senior Mr. Calhoun, was one of the actual and intended vendees.

Whether Venton and wife ever at any time held an interest in the subject property was not shown. It was shown, by testimony of plaintiffs (which testimony the chancellor ruled was incompetent under the dead man's statute*), that plaintiffs made all of the payments as indorsed on the payment record of the contract. As against such competent or incompetent testimony (a question we need not decide) the chancellor found that, by the nature and fact of such indorsements, "Mr. Calhoun, Sr., made the payments on the land contract." This brings our attention to defendants' proof.

Defendant Wilbert Calhoun claims title to the property upon testimonial showing that the senior

---

* CL 1948, § 617.65 (Stat Ann § 27.914).—REPORTER.

Mr. Calhoun occupied the property as his home from the date of the land contract until the time of his death (September 14, 1955) ; that the record owners of the premises (one Van Scoter and wife) deeded the property to the senior Mr. Calhoun under date of April 11, 1952 (the deed making no reference to any outstanding land contract), and that the senior Mr. Calhoun validly devised such premises to him.

In this equity case issues of fact only are presented. Defendants have established legal title to the subject premises by due conveyance and devise. Plaintiffs have failed to show that the land contract, upon which they rely, was executed by any one holding at the time a legal or equitable interest in such premises. They bear the burden of proving that they did acquire and now do possess some interest, legal or equitable, therein. Such burden not having been met, the chancellor could do naught but dismiss their bill.

Affirmed. Costs to defendants.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.